# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# BEAUMONT DIVISION

| | |
|---|---|
| PANTAURUS LLC, | |
| Plaintiff, | |
| v. | Case No. 1:14-cv-515 |
| ETSY, INC., | |
| Defendant. | |

## MOTION TO DISMISS

Defendant Etsy, Inc. ("Etsy"), by and through its attorneys, hereby moves to dismiss this patent infringement action for lack of personal jurisdiction, pursuant to Fed. R. Civ. P. 12(b)(2). Etsy does not have the requisite "minimum contacts" with the State of Texas to support personal jurisdiction before this Court with respect to the allegations contained in the Complaint filed by Plaintiff Pantaurus LLC ("Plaintiff" or "Pantaurus").

Etsy is not subject to either general jurisdiction or specific jurisdiction in Texas. Etsy is not subject to general jurisdiction because it is not incorporated, headquartered, or otherwise "at home" in Texas. With regard to specific jurisdiction, Plaintiff's patent infringement claim does not arise out of, or relate to, any activities in Texas. The accused instrumentality is an *internal* data management tool that is not customer-facing and cannot be used or accessed by residents of Texas. This is not a case where Etsy has sold or marketed accused products or services to Texas residents. In fact, Plaintiff has not even alleged that any of Etsy's products or Etsy's website infringes the patent-in-suit. Plaintiff merely accuses Etsy's *internal* data management tool of infringing the patent-in-suit. Therefore, Etsy is not subject to specific jurisdiction because Plaintiff's claims do

not arise out of, or relate to, any conduct that is directed to Texas. As set forth more fully below, the Court should grant Etsy's motion to dismiss for lack of personal jurisdiction.

## I. Factual Background

Pantaurus filed its Complaint on October 10, 2014, with a single count, alleging that Etsy "has infringed and continues to directly infringe" certain claims of U.S. Patent No. 6,272,533 ("the '533 patent"). D.E. 1, ¶ 13. Pantaurus's Complaint alleges that Etsy directly infringes claim 29 of the '533 patent "by making, having made, and/or using secure computer systems covered by one or more claims of the '533 patent, including without limitation digital computer systems comprising one or more Hadoop-compatible file systems (the 'Accused Instrumentalities')."[1] *Id.* Plaintiff defines the Accused Instrumentality as a "Hadoop distributed file system." *Id.*

Etsy operates a global marketplace that empowers independent artisans and small business owners to sell their handmade or vintage goods directly to buyers. Etsy is also a B Corp., certified by the nonprofit B Lab, to meet rigorous standards of social and environmental performance, accountability, and transparency.

Etsy is a Delaware corporation with its principal place of business and corporate headquarters located in Brooklyn, New York. Declaration of Kellan Elliott-McCrea ("Elliott-McCrea Decl.") at ¶ 4. The etsy.com website is a peer-to-peer e-commerce

---

[1] Claim 29 of the '533 patent reads as follows:
29. A digital computer system comprising:
    a first system bus;
    a second system bus
    a first processor connected to said first system bus;
    a second processor connected to said second system bus;
    a data storage device connected to said first and second system buses for selectively operating in a plurality of operating modes so as to access said data storage device; and
    a switch operable to selectively enable and disable at least one of said operating modes, said switch controllable by means distinct and separate from at least one of said processors whereby said one processor is inhibited from controlling said operation of said switch.

website for handmade or vintage goods. *Id.* at ¶ 5. Etsy does not have a headquarters in Texas, nor does it have or maintain any offices, facilities, or physical structures in Texas. *Id.* at ¶ 6. Etsy does not maintain any business records or documents in Texas, own or rent any real or tangible property in Texas, or maintain any bank accounts in Texas. *Id.* at ¶¶ 7-9. Nor does Etsy maintain any computer servers or other computer hardware in Texas. *Id.* at ¶ 10. Etsy has one – and only one – remote employee who resides in Texas. *Id.* at ¶ 11. Etsy's sole Texas-based employee does not manage, service, or oversee Etsy's Hadoop distributed file system. *Id.* at ¶ 12.

Etsy does not maintain or service its Hadoop distributed file system from the State of Texas. *Id.* at ¶ 16. Although Etsy has customers in Texas, its customers (whether located in Texas or elsewhere) cannot use or access the Hadoop distributed file system. *Id.* at ¶ 15. Etsy's Hadoop distributed file system is an *internal* data management tool that is solely for internal use by Etsy's employees. *Id.* at ¶ 14. Etsy's Hadoop distributed file system is not a customer-facing software tool. *Id.* at ¶ 14. Indeed, if a Texas resident buys or sells a product using Etsy's website, Etsy's Hadoop distributed file system would have no role in connection with consummating such transactions over Etsy's website, etsy.com. *Id.* Etsy's Hadoop distributed file system is not a component of Etsy's website. *Id.*

## II. Legal Principles

A federal district court may exercise personal jurisdiction over a defendant if the defendant "is subject to the jurisdiction of a court of general jurisdiction in the state where the district court is located." Fed. R. Civ. P. 4(k)(1)(A). Texas's long-arm statute is coterminous with the extent of personal jurisdiction permitted by due process

3

principals, *see, e.g., Heliocopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 413 (1984), and therefore "the two inquiries collapse into a single inquiry: whether jurisdiction comports with due process." *Inamed Corp. v. Kuzmak*, 249 F.3d 1356, 1360 (Fed. Cir. 2001).[2]  Due process requires that to subject a defendant to the judicial power of a forum state, the defendant must have at least "minimum contacts" with the forum state. *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).  A state may exercise personal jurisdiction over a defendant having minimum contacts either through general jurisdiction or specific jurisdiction.

General jurisdiction exists when the defendant's contacts are unrelated to the cause of action but are "continuous and systematic" and "substantial." *Heliocopteros*, 466 U.S. at 414 n.9.  To be subject to general jurisdiction, a nonresident or foreign corporation (*i.e.*, a corporation not incorporated or headquartered in the forum state) must engage in "continuous corporate operations within a state" that are "so substantial and of such a nature as to justify suits against it on causes of action arising from dealings entirely distinct from those activities." *Daimler AG v. Bauman,* 134 S.Ct. 746, 754 (2014), *quoting Int'l Shoe*, 326 U.S. at 318.

As the U.S. Supreme Court explained recently, the corporation's "affiliations with the State [must be] so 'continuous and systematic' as to render [it] essentially *at home* in the forum State." *Daimler*, 134 S.Ct. at 754 (emphasis added).  Being "essentially at home" requires a presence in the forum state that is equivalent to being incorporated or headquartered there. *Daimler*, 134 S.Ct. at 761 n.19.

---

[2] Federal Circuit law governs the question of whether a particular district court may exercise personal jurisdiction over a defendant in a patent case. *Inamed Corp.*, 249 F.3d at 1359.

4

Specific jurisdiction exists only in disputes that "arise out of or are connected with the activities within the state." *Int'l Shoe*, 326 U.S. at 319.  In other words, the exercise of specific jurisdiction is reasonable "if the defendant has 'purposefully directed' his activities at residents of the forum and the litigation results from alleged injuries that 'arise out of or relate to' those activities." *Loyalty Conversion Sys. Corp. v. Am. Airlines, Inc.*, 2014 U.S. Dist. LEXIS 122190, *10-11 (E.D. Tex. Sept. 2, 2014) (quoting *Burger King*, 471 U.S. at 472).  As this Court has observed, "the Federal Circuit has summarized the Supreme Court's guidance regarding the due process requirement for establishing specific jurisdiction as follows: The plaintiff bears the burden of showing (1) that the defendant purposefully directed its activities at residents of the forum, and (2) that the plaintiff's claim arises out of or relates to those activities." *Id.* at *14.

When a nonresident defendant files a motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of establishing that personal jurisdiction exists. *See Icon Health & Fitness, Inc. v. Horizon Fitness, Inc.*, 2009 WL 1025467, at *3 (E.D. Tex. Mar. 26, 2009) ("When a defendant challenges personal jurisdiction, the plaintiff bears the burden of proof on the issue.").  When the district court decides the defendant's motion without an evidentiary hearing, the plaintiff's burden is met by establishing a *prima facie* case.  *Wyatt v. Kaplan,* 686 F.2d 276, 280 (5th Cir. 1982).  Plaintiff's allegations are taken as true except to the extent that they are contradicted by defendant's affidavits.  *Wilson,* 20 F.3d at 648; *Black v. Acme Markets, Inc.,* 564 F.2d 681, 683 n.3 (5th Cir. 1977).

### III.     Argument

This Court has neither general jurisdiction nor specific jurisdiction over Etsy in this case, and therefore, should dismiss Plaintiff's Complaint under Fed. R. Civ. P. 12(b)(2).  Plaintiff's Complaint alleges baldly, without any factual support, that this Court has personal jurisdiction over Etsy based on the following allegations: (1) Etsy "has committed, and continues to commit, acts of infringement in the state of Texas"; (2) Etsy "has conducted business in the state of Texas"; and/or (3) Etsy "has engaged in continuous and systematic activities in the state of Texas."  But these unsupported, conclusory allegations are demonstrably false and are undercut by the facts shown herein, namely, that (1) Etsy's business and other contacts with Texas are not sufficient to confer general jurisdiction because Etsy is not "at home" in Texas and (2) any alleged infringement of the '533 patent did not, and could not, occur in Texas.

### A.     There is No Basis to Exercise General Jurisdiction Over Etsy Because Etsy is Not "at Home" in Texas.

As set forth above, the Supreme Court has described the test for general jurisdiction as requiring that the corporation's "affiliations with the State [be] so 'continuous and systematic' as to render [it] *essentially at home* in the forum State."  *Daimler*, 134 S. Ct. at 754 (emphasis added).  Again, that means that the defendant corporation must be headquartered in the forum state, incorporated in the forum state, or have some equivalent presence in the state.  *Loyalty Conversion Sys.*, 2014 U.S. Dist. LEXIS 122190, at *15-16.

Etsy is a Delaware corporation with its principal place of business and corporate headquarters located in Brooklyn, New York.  Elliott-McCrea Decl. at ¶ 4.  It is not headquartered in Texas, nor does it have or maintain any offices, facilities, or physical

structures in Texas. *Id.* at ¶ 6. It does not maintain any business records or documents in Texas, own or rent any real or tangible property (including computer servers or other computer hardware) in Texas, or maintain any bank accounts in Texas. *Id.* at ¶¶ 7-10. In short, Etsy is not a "resident" of Texas, lacks any corporate operations within Texas, and lacks the "continuous and systematic" affiliations with Texas to render it "essentially at home" in Texas.[3] *See Daimler*, 134 S.Ct. at 754; *Goodyear*, 131 S.Ct. at 2851.

Plaintiff's Complaint alleges, without any specific factual support, that Etsy has "engaged in continuous and systematic activities in the state of Texas." But the truth is that Etsy has *no* presence in Texas, save for a single Texas-based employee, who does not manage, service, or oversee Etsy's Hadoop distributed file system.[4] General jurisdiction requires much more than simply having an employee in the forum or doing business with Texas residents over the Internet. *See Loyalty Conversion Sys. Corp.*, 2014 U.S. Dist. LEXIS 122190, at *17-18 (finding no general jurisdiction where defendant had a remote employee based in Texas and did business with Texas residents); s*ee also Daimler*, 134 S. Ct. at 762 n.20 ("A corporation that operates in many places can scarcely be deemed at home in all of them."). Instead, general jurisdiction requires Etsy to be incorporated, headquartered, or "essentially at home" in Texas. *See Goodyear*, 131 S.Ct.

---

[3] As this Court has observed, the Supreme Court's decision in *Perkins v. Benguet Consolidated Mining Co.*, 342 U.S. 437, 72 S. Ct. 413, 96 L. Ed. 485, 63 Ohio Law Abs. 146 (1952), shows how much is required to support a claim for general jurisdiction against a corporation that is neither headquartered nor incorporated in the forum state. *Loyalty Conversion Sys. Corp.*, 2014 U.S. Dist. LEXIS 122190, at *19-20 (E.D. Tex. Sept. 2, 2014). In *Perkins*, the company's president lived in Ohio, the president carried on the company's business from an office in Ohio, the company kept the company records in Ohio, the company carried on correspondence in Ohio, the company drew and distributed paychecks in Ohio, the company maintained bank accounts in Ohio for banking and stock transfers, and the company conducted directors meetings in Ohio. *Id.* at 448. Under those circumstances, the Supreme Court concluded that Ohio courts could exercise general personal jurisdiction over the company. *Id.*

[4] *See* Elliott-McCrea Decl. at ¶¶ 11-13.

at 2851; *see also Johnston*, 523 F.3d at 609. Given that none of these circumstances exists, there is no basis for general personal jurisdiction over Etsy.

### B. The Court Lacks Specific Jurisdiction Over Etsy.

The Supreme Court has explained that specific jurisdiction exists where the defendant "has purposefully directed his activities at residents of the forum and the litigation results from alleged injuries that arise out of or relate to those activities." *Burger King*, 471 U.S. at 472. Three factors are relevant in this inquiry: (1) did Etsy purposefully direct its activities at residents of Texas?; (2) do Plaintiff's infringement claims arise out of, or relate to, those activities?; and (3) is the exercise of personal jurisdiction reasonable and fair? *Deprenyl Animal Health, Inc. v. The Univ. of Toronto Innovations Found.,* 297 F.3d 1343, 1351 (Fed. Cir. 2002); *Gellman v. ADT Sec. Servs., Inc.*, 2008 WL 4280351, at *2 (E.D. Tex. Sept. 10, 2008) ("The Federal Circuit has held that in order to satisfy due process in a patent case, any question of personal jurisdiction must take into account three factors: (1) whether the defendant 'purposefully directed' its activities at residents of the forum; (2) whether the claim 'arises out of or relates to' the defendant's activities with the forum; and (3) whether assertion of personal jurisdiction is 'reasonable and fair'."). In this case, the answer to each inquiry is "no" because there is no nexus between the alleged infringement and any activity directed towards Texas.

The sole count of Plaintiff's Complaint alleges that Etsy has committed acts of direct infringement in Texas by using "secure computer systems" comprising one or more Hadoop distributed file systems.[5] Although Etsy uses a type of Hadoop distributed file

---

[5] Plaintiff defines a Hadoop distributed file system ("HDFS") as "a distributed file system that includes computer hardware (e.g., servers and memory) and computer software for performing program functions." D.E. 1 at ¶ 13.

8

system in New York, Etsy does not have or maintain any "computer systems," computer servers, or computer hardware in Texas. Elliott-McCrea Decl. at ¶ 10.

Notably, Etsy's Hadoop distributed file system is *not* a customer-facing software tool, nor can Etsy's customers access or use Etsy's Hadoop distributed file system in Texas or elsewhere. *Id.* at ¶ 14. Indeed, if a Texas resident buys or sells a product on Etsy's website, Etsy's Hadoop distributed file system would have *no role* in connection with consummating that transaction over Etsy's website. *Id.* at ¶ 15. Given that Etsy has no offices, facilities, physical structures, computer servers, computer hardware, business records or documents in Texas, it is not possible that Etsy's Hadoop distributed file system is being used in Texas or by Texas residents. *Id.* at ¶¶ 6-10. As a result, any alleged infringement of the '533 patent could not possibly occur in Texas. Therefore, Plaintiff's infringement allegation does not "arise out of" any activities that Etsy directed toward residents of Texas and, therefore, specific jurisdiction is improper in this action.

Although Plaintiff has alleged baldly that Etsy has committed acts of infringement *in the state of Texas*, this is nothing more than a legal conclusion that lacks any factual support. Plaintiff has not shown that any alleged infringement has occurred in Texas *or that it could have occurred in Texas.* The alleged invention of the '533 patent "relates to computer system architecture and more particularly to an architecture for and method of limiting remote access to programs and data." '533 Pat., 1:10-13. Etsy does not maintain any computer servers or other computer hardware in Texas. Elliott-McCrea Decl. at ¶ 10. Claim 29 of the '533 patent (the only claim cited in Plaintiff's Complaint) claims an apparatus – "[a] digital computer system" – that, if used by Etsy at all, is not used by Etsy *in Texas. Id.* The components of this putative "digital computer system" comprise "a

first system bus," "a second system bus," "a first processor," "a second processor," "a data storage device," and "a switch," which, if used by Etsy at all, are not used by Etsy *in Texas*.[6]  *Id.*

Lastly, Plaintiff does *not* allege that Etsy's website – or any component thereof – infringes the '533 patent.  Indeed, Etsy's Hadoop distributed file system is not a component of Etsy's website.  Elliott-McCrea Decl. at ¶ 15.  Even if a Texas resident buys or sells a product using Etsy's website, Etsy's Hadoop distributed file system would have no role in connection with consummating such transactions over Etsy's website.  *Id.*  Therefore, Etsy's website – indeed, Etsy's only potential forum-directed activity – cannot provide support for specific jurisdiction because Plaintiff's infringement allegation does not "arise out of or relate to" Etsy's website.  *See REFCO Group Ltd., LLC v. Cantor Fitzgerald, L.P.*, 2014 U.S. Dist. LEXIS 79708 (S.D.N.Y. June 10, 2014) ("Here, there is no allegation that the [defendants] made use of the foreign entities' websites in any way.  [Plaintiff's] claims thus cannot be said to "arise out of, or relate to, [defendants'] contacts with the forum.").

### C. Exercise of Personal Jurisdiction Over Etsy Would Be Unreasonable.

The assertion of personal jurisdiction would be unfair and unreasonable under these circumstances.  *See Int'l Shoe*, 326 U.S. at 316.  If the Court determines that Etsy has "minimum contacts" with Texas under these circumstances, that would create a dangerous precedent of nationwide general jurisdiction for all e-commerce companies, which would not comport with "fair play and substantial justice."  *Id.*; *Burger King*, 471 U.S. at 476.

---

[6] Plaintiff's complaint alleges only direct infringement by Etsy, but in any event, there is no basis to allege indirect infringement because Etsy's Texas customers cannot access or use the Hadoop distributed file system.  Elliott-McCrea Decl. at ¶ 14.

10

Whether the exercise of personal jurisdiction would be so unreasonable as to violate fair play and substantial justice requires consideration of several non-exclusive factors, including (1) the burden on the defendant; (2) the interests of the forum state; (3) the plaintiff's interest in obtaining relief; (4) the interstate judicial system's interest in obtaining the most efficient resolution of controversies; and (5) the shared interest of the several states in furthering fundamental substantive social policies. *Deprenyl*, 297 F.3d at 1355; *Inamed*, 249 F.3d at 1363.

Etsy has no physical presence in Texas except for a single remote employee in Austin. The computer systems, documentation, and employees that Etsy would likely rely on in defending itself are most likely located in Brooklyn, New York (and certainly not in Texas). Texas's interest in adjudicating this dispute, and Plaintiff's interest in obtaining relief, do not outweigh the burden to Etsy of defending itself in Texas. Further, the judicial system's interests and the interests of the several states would not be prejudiced if this case were dismissed.

Etsy's only contacts with Texas consist of a single employee in Austin and Etsy's e-commerce website, of which the accused Hadoop distributed file system is not a component. Elliott-McCrea at ¶ 15. Having a single, even if substantial, contact with a forum state is not sufficient for general jurisdiction. *Heliocopteros*, 466 U.S. at 414. Moreover, no allegation of infringement arises out of or even implicates the sole employee in Texas or Etsy's website. In the event that the Court determines that personal jurisdiction exists over Etsy on these allegations, then it is unclear where personal jurisdiction would *not* exist for a company doing business over the internet. To hold

otherwise could subject Etsy, and most other e-commerce companies, to suit in all 50 states and would create a *de facto* system of nationwide jurisdiction over it.

Therefore, because it would be unreasonable to force Etsy to defend itself in Texas based on allegations that do not arise out of any activities directed toward residents of Texas, even if this Court finds that "minimum contacts" have been established, Plaintiff's Complaint should be dismissed.

### IV.    Conclusion

For the foregoing reasons, Plaintiff's Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(2).

Dated: January 12, 2015               Respectfully submitted,

/s/ Benjamin F. Sidbury
Benjamin F. Sidbury (admitted E.D. Texas)
ben.sidbury@bryancave.com
Bryan Cave LLP
301 S. College St., Ste. 3900
Charlotte, NC 28202
(704) 749-8939
(704) 749-9339 – Facsimile

Anthony R. Friedman (admitted E.D. Texas)
anthony.friedman@bryancave.com
Bryan Cave LLP
211 N. Broadway, Ste. 36003
St. Louis, MO 63102
(314) 259-2000
(314) 259-2020 – Facsimile

*Attorneys for Defendant Etsy, Inc.*

### Certificate of Service

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on this 12th day of January, 2015.

/s/ Anthony R. Friedman
Anthony R. Friedman